MARY POLITOWITZ, by Next Friend, Respondent, v. CITIZNES' TELEPHONE COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. APPELLATE PRACTICE: Evidence: Instruction: Abstract. Where the appellant does not abstract the testimony he cannot get it before the appellate court by reference to instructions given; and the court is not required by a process *a priori* to divine what the evidence was since it should be set out in the abstract.

2. ———: ———: ———: ———. The appellate court cannot pass upon the giving and refusing of instructions unless the evidence is set out in the abstract.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*Vinton Pike* and *Geo. W. Groves* for appellant.

The court erred in giving plaintiff's second instruction: (1) it was not supported by evidence; (2) it was not within the issues made by the pleadings; (3) it is inconsistent with other instructions given, and is directly contradicted by them; (4) it is not the law. Winkelman v. Electric Light Co., 110 Mo. App. 189; Politowitz v. Citizens' Tel. Co., 115 Mo. App. 57; Ryan v. Transit Co., 190 Mo. 631.

*W. K. Amick, Frank Harl* and *Eugene Silverman* for respondent.

(1) Appellant complains of plaintiff's second instruction and contends that it is not supported by evidence. But appellant fails to present the evidence in the bill of exceptions and it will be presumed that there was evidence to support the instructions. Appellant admits there was evidence to support all the issues in the peti-

tion. The instruction properly declared the law and was within the allegations of the petition, but it was not as strong nor as favorable for plaintiff as it might have been. Winkleman v. Light Co., 110 Mo. App. 184.

BROADDUS, P. J.—The appellant is here without an abstract of any of the evidence in the case and asks us to review the action of the court in giving certain instructions on behalf of plaintiff and refusing to give certain other instructions asked by defendant.

It is contended that instruction numbered two given at the instance of plaintiff is not within the issues of the pleadings. The instruction is as follows: "If the jury believe from the evidence that defendant constructed or maintained its telephone wires directly above the wires of the railroad company mentioned in evidence and that said wires of the railway company at Twentieth street were charged with the current of high voltage and that the defendant knew or ought to have known said fact, then it was the duty of the defendant to use such care as would be commensurate with the circumstances and conditions to prevent its wires from coming in contact with said railway wires or to insulate its wires so that if they did come in contact with said railway wires, the electricity would not be transmitted upon defendant's wires, and if the jury believe that the defendant failed to use such care as a reasonably prudent person would have used to fasten its said wires so that they would not fall and if because of that fact the defendant's wires did fall upon the railway wires, and that defendant's said wires were not insulated and in falling came in contact with the railway wires and became charged with a current of electricity of high voltage and being so charged hung down in the street and the plaintiff while walking upon the street came in contact with the defendant's said wires not knowing the danger and was injured thereby, then the verdict of the jury should be for the plaintiff."

The allegations of the petition in general are, that defendant's wires being charged with a dangerous amount of electricity were carelessly and negligently constructed, maintained and operated. Among the specific allegations of negligence are the following: "That defendant's wires were not properly insulated; that they were not substantially attached to the poles; that they were strung immediately above and in close proximity to the wires of the St. Joseph Light, Heat & Power Company which were highly charged with electricity, and in close proximity to the wires and iron lamp frame of the city of St. Joseph at Eighteenth and Olive streets, which was also conducting currents of electricity, so that they would likely come in contact with said wires and iron frame and would be charged with electricity and caused to burn, break and fall from their fastenings." The petition then proceeds to state that by reason of the alleged acts of negligence defendant's wires fell on the wires of the said railway company, became charged with electricity and fell to the ground; and that plaintiff inadvertently came in contact with the same and was injured. It seems to us that the instruction is clearly within the issues raised by the pleadings as it predicates plaintiff's right to recover specifically upon the said allegations.

The defendant further insists that there was no evidence to support the instruction. As no part of the testimony is abstracted, defendant seeks to show the fact by the ingenious expedient of referring to the action of the court in giving an instruction that its wires were not placed negligently in proximity to the said railway wires. This is a novel way of getting the evidence on trial before an appellate court. And it is possible for the court by process of reasoning *a priori* to get an idea of what the evidence was, but we do not care to venture upon the experiment. Besides we are not required to do

so. The law requires that the appellant should produce his evidence.

Other errors assigned as to the action of the court in giving and refusing instructions cannot be considered intelligently for a similar reason. The case was of a complicated character owing to the alleged cause of injury. We have before us only the pleadings and the instructions, and as the instructions are directed to the issues, in the absence of the testimony to show that there was error, we are bound to presume that there was not.

Affirmed. *Ellison, J.,* concurs; *Johnson, J.,* not sitting.